**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF ALABAMA**
**NORTHERN DIVISION**

| | |
|---|---|
| **C.F.,** ) | **CIVIL ACTION NUMBER** |
| ) | |
| ) | |
| **Plaintiff** ) | |
| ) | |
| **vs.** ) | |
| ) | |
| **NANCY BUCKNER, in her personal** ) | |
| **and individual capacity and** ) | |
| **in her official capacity** ) | |
| **as Commissioner of the Alabama** ) | |
| **Department of Human Resources;** ) | |
| **and,** ) | |
| ) | |
| **KIM MASHEGO, in her personal and** ) | |
| **individual capacity and in her** ) | |
| **official capacity  as Director** ) | |
| **of the Shelby County, Alabama** ) | |
| **Department of Human Resources;** ) | |
| ) | |
| **Defendant.** ) | |

## <u>PLAINTIFFF'S COMPLAINT</u>

1. This action, brought under 42 U.S.C. Section 1983 and state law claims complains of the failure of the defendants to provide to the plaintiff the right to proceed to a due process hearing and the opportunity, at said hearing, to deny and oppose a report of child abuse/neglect and the *indicated disposition* of said report made by the Shelby County Department of Human Resources and the State of Alabama Department of Human Resources.  Plaintiffs seek declaratory and injunctive relief against the defendants Nancy Buckner and KIM MASHEGO in their *official capacities*.

In addition, plaintiff seeks money damages against defendants **NANCY BUCKNER** and **KIM MASHEGO** in their individual capacities as complained of herein.

2.    Plaintiff also seeks the recovery/reimbursement of those attorney's fees, expenses and costs incurred herein.

## JURISDICTION

3.    This Court has jurisdiction over this action pursuant to 28 U.S.C. Section 1331, 1343(a)(3) and (4) as plaintiffs' claims arise under Federal Law.    Prospective relief is authorized by 28 U.S.C. Section 2201 and Federal Rule of Civil Procedure 57.

4.    This Court has personal jurisdiction over defendant **NANCY BUCKNER** who is located within the jurisdiction of this Court.

5.    Venue is proper in the Middle District of Alabama – Northern Division as the Department of Human Resources is an agency of the State of Alabama whose home office is located in Montgomery, Alabama.

## PARTIES

6.    The plaintiff **C.F.** is an adult resident citizen of the State of Alabama and resides in Shelby County, Alabama.

**C.F.** has been the subject of an investigation conducted by the Alabama Department of Human Resources and the Shelby County Department of Human Resources in response to a suggestion that she abused/neglected her grandchild. **C.F.** has been placed on the statewide **CENTRAL REGISTRY** which is the repository of child abuse/neglect reports, the investigation of the same and the *indicated disposition.*

7. The defendant, **NANCY BUCKNER**, is the current Commissioner of the Alabama Department of Human Resources. At all times relevant hereto, **NANCY BUCKNER** acted under color of the State law. Plaintiff **C.F.** seeks injunctive and declaratory relief against **NANCY BUCKNER** in her official capacity.

8. The defendant, **KIM MASHEGO**, is the current Director of the Shelby County Department of Human Resources. At all times relevant hereto, **KIM MASHEGO** acted under color of State law. Plaintiff **C.F.** seeks declaratory and injunctive relief against **KIM MASHEGO** in her official capacity.

## STATEMENT OF FACTS

9. As DHR Commissioner, **NANCY BUCKNER** supervises, manages and oversees the operations of the State Department of Human Resources and the various County Departments throughout the state. As such, she is responsible for establishing, implementing and overseeing those policies and procedures, rules and regulations of DHR; and, specifically those policies and procedures, rules and regulations identified herein. Furthermore, she is responsible for ensuring that DHR operates in conformity with State and Federal constitutional and statutory law and Administrative Rules and Regulations. As Commissioner, she has a legal duty to perform her duties according to laws of the United States and the State of Alabama, including, but not limited to, the

State and Federal Constitutions.

Defendant **NANCY BUCKNER** has the supervisory and/or policy-making authority such that she would be responsible for complying with an Order of this Court granting prospective relief to plaintiffs and requiring DHR to provide due process to plaintiffs and schedule a hearing in response to the notification of the *indicated disposition*.

10. As the current Shelby County DHR Director, defendant **KIM MASHEGO** supervises the operations of the Shelby County Department of Human Resources. As such, she is responsible for establishing, implementing and overseeing those policies and procedures, rules and regulation of the Shelby County Department of Human Resources and specifically those policies and procedures, rules and regulations identified herein. Furthermore, she is responsible for insuring that the Shelby County Department of Human Resources operates in conformity with State and Federal Constitutional and statutory law and Administrative Rules and Regulations.  As Director, she has a legal duty to perform her duties according to laws of the United States and the State of Alabama, including, but not limited to, the State and Federal Constitutions.

Defendant **KIM MASHEGO** has the supervisory and/or policy-making authority such that she would be responsible for complying with an Order of this Court granting prospective relief to plaintiffs and requiring DHR to provide due process

to plaintiffs and schedule a hearing in response to the notification of the *indicated disposition*.

## PLAINTIFFS' ALLEGATIONS AND CONTENTIONS

11. The plaintiff **C.F.** is listed on the Statewide Central Registry prior to a due process hearing and without other constitutionally adequate due process. The Alabama Department of Human Resources maintains the Statewide Central Registry for the purpose of listing those persons who have "indicated dispositions" for child abuse/neglect. The report, the information obtained through the investigation and the name and identity of the person "indicated" for child abuse/neglect is maintained on the Central Registry. *See* Ala. Code Section 26-14-1, et seq. Pursuant to statute and Administrative Rule and Regulation, plaintiffs' name and identity, the information contained in the report and the investigation and the *indicated disposition* can be disclosed, disseminated and publicized to current employers, potential or future employers, other organizations and entities and law enforcement.

12. Plaintiff **C.F.** is the parent of a minor child. She intends to continue in their current employment and to pursue other employment opportunities. She intends to be involved in her child's life and intend to volunteer with public and private institutions that provide academic, educational, athletic, social, civic, sports-related and other services

and opportunities for minor children.  Continued listing on the Central Registry will distinctly alter or extinguish a right or status available to and provided to the plaintiff as a citizens of the State of Alabama and the United States. **C.F.** has been stigmatized, slandered and defamed as a result of the *indicated disposition* and the listing on the Central Registry.

Defendants are the DHR officials whose official acts and omissions prevented, and continue to prevent, plaintiffs from challenging the indicated disposition in accordance with constitutional due process requirements.

Plaintiff faces a real, immediate and concrete threat of future injury as Plaintiff is currently listed on the Central Registry.

Acting under color of state law, and in their official capacities, the actions and omissions of defendants deprived, and continue to deprive, plaintiff of an adequate due process hearing to challenge the indicated dispositions.

There are no procedures under Alabama law by which plaintiff can challenge the validity of the indicated disposition and the listing on the Central Registry.  The opportunity for an administrative record review has already passed and/or the administrative record review has resulted in affirmance of the indicated disposition.  The administrative record review process is constitutionally

insufficient. Consequently, it is already a legal certainty that Alabama law, DHR regulations and policies will not afford plaintiff the opportunity to challenge the validity of the indicated disposition and the listing on the Central Registry.

Plaintiff alleges that the listing and the information contained on the Central Registry will likely be released to prospective employers or to her child's schools or other organizations conducting extra-curricular children's activities at which she wishes to volunteer.

Plaintiff alleges that because of the potential for disclosure of the indicated dispositions and the information listed on the Central Registry, she is or imminently will be deprived opportunities to engage in activities and pursuits available to other citizens, such as employment, volunteering, and being involved in their child's educational and extra-curricular activities.

## I.   FIRST CAUSE OF ACTION

### (CLAIM FOR RELIEF PURSUANT TO 42 U.S.C. SECTION 1983)

13. The plaintiff **C.F.** contends that the unlawful actions and conduct and the deliberate indifference of the defendants, Buckner and Mashego, as complained of herein, has directly and proximately resulted in the constitutional violations, and the injury and damage as complained of herein.

14. Plaintiff, **C.F.** contends that defendant **NANCY**

**BUCKNER,** as the current Commissioner of the State of Alabama Department of Human Resources, and defendant **KIM MASHEGO** as the current Director of the Shelby County Department of Human Resources, have established a custom, practice or policy which has resulted in the denial of requests for hearing; or, a constitutionally adequate process by which plaintiff can proceed to a hearing; and, consequently, listing on the Central Registry prior to a post-deprivation hearing.

15. The defendants **NANCY BUCKNER** and **KIM MASHEGO** have established an *ad hoc* custom, practice or policy which is in direct conflict and violation of Administrative Rules and Regulations and the written Policies and Procedures of the Department of Human Resources which are required of the State Department and various County Departments.  As a result of that custom, practice or policy, the State Department of Human Resources, the Shelby County Department of Human Resources, and all County Departments of Human Resources within the State of Alabama routinely and systematically deny requests for a hearing following notification of an "indicated disposition":

(i) Upon receipt of written request for a hearing, the State Department of Human Resources and the Shelby County Department of Department Human Resources, and all County Department of Human Resources within the State of Alabama systematically fail/refuse to schedule a hearing as is required of them by previously recognized law and by rule,

regulation promulgated and established by DHR.

(ii) Written requests for hearings are systematically denied or ignored and the requestor is systematically informed that they are only entitled to an "administrative record review". Administrative record reviews do not allow for testimony by witnesses, cross-examination of witnesses, the introduction of evidence and objection to the introduction of evidence and other requirements of due process.

(iii)    The *ad hoc* policy and procedure as established by the defendants **NANCY BUCKNER** and **KIM MASHEGO** is contrary to and violative of Administrative Rule and Regulation and the lawfully established Policies and Procedures of DHR; and, as a consequence hearing requests are not transmitted/forwarded to the Administrative Office of Hearings resulting in a routine and systematic denial of hearing requests at the County level. Consequentially, there is a systemic denial of the constitutional right of due process.

(iv) DHR systematically affirms the original disposition of "indicated' following the completion of a record review.

(v)  Plaintiff **C.F.** will continue to be stigmatized and labeled as child abusers as a result of continued listing on the Central Registry; and, **C.F.** rights and/or status as previously recognized by State law has been distinctly

altered or extinguished.

16. Defendant **NANCY BUCKNER,** in her official capacity as Director of the Alabama Department of Human Resources, and defendant **KIM MASHEGO,** in her official capacity as Director of the Shelby County Department of Human Resources, have failed to implement and establish policies and procedures necessary for the purpose of providing adequate training and supervision to those agents and employees of the State and County Departments who are responsible for receiving and responding to requests for hearing; and, as a direct and proximate consequence of the same Department personnel fail to transmit and deliver hearing requests to the Office of Administrative Hearings as required by Administrative Rule and Regulation and DHR Policy and Procedure.

17. The defendants **NANCY BUCKNER** and **KIM MASHEGO** failed to transmit and deliver hearing requests to the Office of Administrative Hearings.

18. The wrongful action and conduct of the defendants **NANCY BUCKNER** and **KIM MASHEGO** as complained of herein represents deliberate indifference to the known risk that the plaintiffs' due process rights will be violated when plaintiffs' names and information are placed onto the Central Registry prior to a pre-deprivation hearing.

19. The wrongful actions and conduct of the defendants **NANCY BUCKNER** and **KIM MASHEGO** as complained of herein resulted

in the requests for hearings made by plaintiff **C.F.** to be ignored and systematically denied at the County level without transmitting and delivering the same to the Office of Administrative Hearings.

**WHEREFORE, PREMISES CONSIDERED**, plaintiff **C.F.** prays that the Court:

A.   Issue declaratory and injunctive relief directing that the defendants **NANCY BUCKNER** and **KIM MASHEGO,** in their official capacities, expunge, purge and remove from the statewide Central Registry all reports, names, information and data of any type relating to the plaintiff **C.F.** and, further, issue declaratory injunctive relief directing that defendants **NANCY BUCKNER** and **KIM MASHEGO** cannot list plaintiffs names and information on the Central Registry until such time as all due process rights and remedies available to deny, dispute and controvert the report, allegations and the disposition have been exhausted.

B.   Issue declaratory and injunctive relief directing defendants **NANCY BUCKNER** and **KIM MASHEGO,** in their official capacity, to provide to plaintiff **C.F.** a hearing, for the purpose of denying, disputing and controverting the report, allegations and "indicated disposition".

C.   Award to plaintiff **C.F.** her attorney's fees, expenses and costs of court incurred herein; and, award such

other and further relief to which they are entitled and to which the Court deems just and proper.

## II. SECOND CAUSE OF ACTION

### (STATE LAW CLAIM FOR NEGLIGENCE/WANTONNESS)

20. Defendants **NANCY BUCKNER** and **KIM MASHEGO** notified plaintiff **C.F.** of her right and opportunity for a hearing as a result of the *indicated disposition*.

21. Plaintiff made proper response requesting that the hearing be scheduled and that they be notified of the same. Plaintiff has not been provided a due process hearing.

22. Defendants **NANCY BUCKNER** and **KIM MASHEGO** have a duty to transmit plaintiff's request for hearing to DHR's Office of Administrative Hearings. These defendants failed and/or refused transmit plaintiff's request to the Office of Administrative Hearings.

23. Defendants **NANCY BUCKNER** and **KIM MASHEGO** have a duty to withhold the inclusion of names and information from the Central Registry until the conclusion of a post-deprivation hearing.

24. The actions and inactions of the defendants complained of herein were done willfully, maliciously, fraudulently, in bad faith and beyond the defendants' authority; or, were done because of a mistaken interpretation of the law.

25. As a direct and proximate consequence of the same,

plaintiff has been injured and damaged as follows:

a.   The indicated disposition, the information contained in the report and the listing on the Central Registry has been disclosed prior to the hearing to which plaintiff is entitled pursuant to State Law; and, such disclosure has defamed, slandered libeled and stigmatized plaintiff as a child abuser; and,

b.   The indicated disposition, the information contained in the report and the listing on the Central Registry is subject to future disclosure and the consequential defamation, slander, libel and stigma; and,

c.   Plaintiff has been forced to expend funds to retain legal representation and file and prosecute this action; and, those funds would not have been expended had defendants complied with State Law and transmitted the request for hearing to the Office of Administrative Hearings.

26. Plaintiff claims both compensatory and punitive damages of the defendants in their individual capacities.

**WHEREFORE, PREMISES CONSIDERED,** plaintiff **C.F.** seeks judgment against defendants **NANCY BUCKNER** and **KIM MASHEGO**, in their individual capacities, for both compensatory and punitive damages, in an amount to be determined in open court, plus interest, costs and all other relief to which plaintiffs are entitled.

**WHEREFORE, PREMISES CONSIDERED,** plaintiff **C.F.** prays

this Honorable Court will enter an Order granting the injunctive relief against defendants **NANCY BUCKNER** and **KIM MASHEGO,** in their official capacities and all other forms of injunctive relief to which plaintiff is entitled.

Respectfully submitted,
\_\_\_\_s/James V. Green, Jr.\_\_\_\_
JAMES V. GREEN, JR. (GRE 019)

**SERVE DEFENDANTS AS FOLLOWS:**
Nancy Buckner
Alabama Department of Human Resources
South Gordon Persons Building
50 North Ripley Street
Suite 2104
Montgomery, Alabama  36130

Kim Mashego
Shelby County Department of Human Resources
987 Highway 70
Columbiana, Alabama  35051

Steve Marshall
Attorney General
State of Alabama
501 Washington Avenue
Montgomery, Alabama  36104